Robert D. Dennison, State Bar No. 127498
Neal K. Kojima, State Bar No. 163958
**TRAUB LIEBERMAN STRAUS & SHREWSBERRY LLP**
626 Wilshire Boulevard, Suite 800
Los Angeles, California 90017
Telephone:  (213) 624-4500
Facsimile:  (213) 624-0820
E-Mail: rdennison@traublieberman.com
E-Mail: nkojima@traublieberman.com

Attorneys for Plaintiff,
**ILLINOIS UNION INSURANCE COMPANY**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MALCOLM DRILLING COMPANY, INC., | Case No.: 4:15-CV-01011 DMR |
| Plaintiff, | **ILLINOIS UNION INSURANCE COMPANY'S ANSWER AND DEMAND FOR JURY** |
| vs. | |
| ILLINOIS UNION INSURANCE COMPANY, | |
| Defendant. | |

Illinois Union Insurance Company ("ILU"), by and through counsel, hereby answers plaintiff's Complaint for Declaratory Relief as follows:

**THE PARTIES**

1.      ILU is without knowledge or information sufficient from which to either admit or deny the allegations contained in paragraph 1 of plaintiff's Complaint.

2.      ILU admits that it is domiciled in, and maintains its principal place of business in the State of Illinois, and that it is authorized to transact business in California as an insurer.

**JURISDICTION**

3.      Paragraph 3 of the Complaint sets forth a legal conclusion to which no response is required.

4.      In response to Paragraph 4 of the Complaint, ILU admits only that Malcolm

ILLINOIS UNION INSURANCE COMPANY'S ANSWER AND DEMAND FOR JURY

Drilling Company ("Malcolm") contends that it is owed "legal defense expenses" as that term is defined in the policy issued by ILU to Malcolm (the "Policy").

<u>VENUE</u>

5.      In response to Paragraph 5 of the Complaint, ILU denies that the Northern District of California is the proper venue, or even the most convenient venue, for resolution of the present dispute, and ILU further denies that any of the "events and/or omissions giving right to the claims occurred" in the Northern District of California.

6.      In response to Paragraph 6 of the Complaint, ILU denies that assignment of this case to the San Francisco Division or the Oakland Division is proper.

<u>GENERAL ALLEGATIONS</u>

I.      <u>NATURE OF THE CLAIM AND RELIEF SOUGHT</u>

7.      Paragraph 7 of the Complaint sets forth a characterization of Malcolm's lawsuit to which no response is required.

8.      ILU is without knowledge or information sufficient to either admit or deny the allegations contained in paragraph 8 of plaintiff's Complaint.

9.      In response to paragraph 9 of plaintiff's Complaint, ILU admits only that it was provided with certain limited information about the Alleged Pollution Claims, as that term is defined in Paragraph 7 of the Complaint.  By way of further response, ILU denies any implication that Malcolm has provided all information requested by ILU regarding the Alleged Pollution Claims, that Malcolm provided this information in a timely manner, and that the information provided by Malcolm sufficed to demonstrate its entitlement to coverage under the Policy for the Alleged Pollution Claims.

10.      ILU denies each of the allegations as set forth in paragraph 10 of plaintiff's Complaint.

11.      Paragraph 11 of the Complaint sets forth a characterization of Malcolm's lawsuit to which no response is required.

12.      Paragraph 12 of the Complaint sets forth a characterization of Malcolm's lawsuit to which no response is required.

ILLINOIS UNION INSURANCE COMPANY'S ANSWER AND DEMAND FOR JURY

13.     Paragraph 13 of the Complaint sets forth a characterization of Malcolm's lawsuit to which no response is required.

**II.     THE UNDERLYING PROJECT AND USE OF THE MATERIAL**

14.     In response to paragraph 14 of the Complaint, ILU admits only that the present dispute between it and Malcolm relates to Malcolm's work on the Project.

15.     In response to paragraph 15 of the Complaint, ILU admits only that Turner and Malcolm entered into a contract to perform work on the Project (the "Contract").  By way of further response, ILU denies Malcolm's characterization of the work required under the Contract as being for engineering or land surveying, and instead refers this Court to the Contract, which terms and conditions speak for themselves.

16.     In response to paragraph 16 of the Complaint, ILU admits only that Malcolm entered into a subcontract with CFER, the terms and conditions of which speak for themselves.

17.     In response to paragraph 17 of the Complaint, ILU admits only that CFER arranged to sell soil taken from the Project to the Airport and to Biscayne Landing.

**III.     THE ALLEGED POLLUTION CLAIMS**

18.     In response to paragraph 18 of the Complaint, ILU admits only that DERM initially approved the Material for reuse as lake fill at Biscayne Landing, and that by letter dated June 27, 2013, DERM advised only that the Material "does not qualify for unrestricted reuse in Miami-Dade County," that "any reuse requires approval from DERM prior to the material being transported offsite for reuse," or that "the material may be disposed to a lined landfill."

19.     ILU is without knowledge or information sufficient to either admit or deny the allegations contained in paragraph 19 of plaintiff's Complaint.

**IV.     THE INSURANCE POLICY**

20.     In response to paragraph 20 of the Complaint, ILU admits only that it issued to Malcolm Drilling Company, Inc. a Global Contractors Pollution Liability and Errors & Omissions Insurance Policy, policy number COO G27058024 002, for the period December 31, 2012 to December 31, 2013 (the "Policy"), the terms and conditions of which speak for

themselves.

21.     In response to paragraph 21 of the Complaint, ILU refers this Court to the Policy, the terms and conditions of which speak for themselves.

22.     In response to paragraph 22 of the Complaint, ILU refers this Court to the Policy, the terms and conditions of which speak for themselves.

23.     In response to paragraph 23 of the Complaint, ILU refers this Court to the Policy, the terms and conditions of which speak for themselves.

24.     In response to paragraph 24 of the Complaint, ILU refers this Court to the Policy, the terms and conditions of which speak for themselves.

25.     In response to paragraph 25 of the Complaint, ILU refers this Court to the Policy, the terms and conditions of which speak for themselves.

26.     In response to paragraph 26 of the Complaint, ILU refers this Court to the Policy, the terms and conditions of which speak for themselves.

27.     In response to paragraph 27 of the Complaint, ILU refers this Court to the Policy, the terms and conditions of which speak for themselves.

28.     In response to paragraph 28 of the Complaint, ILU refers this Court to the Policy, the terms and conditions of which speak for themselves.

29.     ILU denies each of the allegations as set forth in paragraph 29 of plaintiff's Complaint.

**V.     ACE'S WRONGFUL HANDLING OF MALCOLM'S CLAIM**

30.     In response to paragraph 30 of plaintiff's Complaint, ILU admits only that on or about July 10, 2013, ILU received notice of an alleged "pollution condition" associated with the Project and that ILU acknowledged receipt of this notice, and otherwise denies each of the remaining allegations as set forth in paragraph 30 of plaintiff's Complaint.

31.     In response to paragraph 31 of the Complaint, ILU admits only that by letter dated August 23, 2013, ILU addressed Malcolm's right to coverage under the Policy for Malcolm's own costs associated with removing Material from the Project, and that this letter requested further information pertinent to ILU's investigation into whether it had any

ILLINOIS UNION INSURANCE COMPANY'S ANSWER AND DEMAND FOR JURY

indemnity obligations under the Policy's contractor's pollution liability coverage part, and ILU otherwise denies each of the remaining allegations as set forth in paragraph 31 of plaintiff's Complaint.

32.    In response to paragraph 32 of the Complaint, ILU admits only that during the period August 23, 2013 through November 11, 2013, Malcolm provided ILU with certain information in support of Malcolm's claim to coverage for its own costs associated with removing material from the Project, and ILU otherwise denies each of the remaining allegations as set forth in paragraph 32 of plaintiff's Complaint.

33.    In response to paragraph 33 of the Complaint, ILU admits only that it issued a letter to Malcolm dated November 11, 2013, and that this letter speaks for itself.

34.    In response to paragraph 34 of the Complaint, ILU admits only that on or about December 13, 2013, Malcolm contended that it had satisfied the Policy's self-insured retention as a result of having incurred costs to remove Material from the Project, and ILU otherwise denies each of the remaining allegations as set forth in paragraph 34 of plaintiff's Complaint.

35.    In response to paragraph 35 of the Complaint, ILU admits only that it issued a letter to Malcolm dated January 7, 2014, and that this letter speaks for itself.

36.    In response to paragraph 36 of the Complaint, ILU admits only that it issued a letter to Malcolm dated November 20, 2014, and that this letter speaks for itself.

37.    In response to paragraph 37 of the Complaint, ILU admits only that it issued a letter to Malcolm dated November 20, 2014, and that this letter speaks for itself.

38.    In response to paragraph 38 of the Complaint, ILU admits only that Malcom's counsel wrote a letter dated January 22, 2015, which speak for itself, and that this letter contained partially redacted copies of legal invoices, and ILU otherwise denies each of the remaining allegations as set forth in paragraph 38 of plaintiff's Complaint.

39.    In response to paragraph 39 of the Complaint, ILU admits only that it issued a letter to Malcolm dated February 9, 2015, and that this letter speaks for itself.

40.    ILU denies each of the allegations as set forth in paragraph 40 of plaintiff's Complaint.

ILLINOIS UNION INSURANCE COMPANY'S ANSWER AND DEMAND FOR JURY

41.    ILU denies each of the allegations as set forth in paragraph 41 of plaintiff's Complaint.

### FIRST CAUSE OF ACTION

### DECLARATORY RELIEF – SATISFACTION OF SELF-INSURED RETENTION (AGAINST ACE)

42.    In response to paragraph 42 of the Complaint, ILU reasserts and incorporates by reference each and every of its responses to paragraphs 1 through 41 of plaintiff's Complaint as if fully set forth herein.

43.    ILU denies each of the allegations as set forth in paragraph 43 of plaintiff's Complaint.

44.    Paragraph 44 of the Complaint sets forth a characterization of Malcolm's First Cause of Action to which no response is required.

45.    Paragraph 45 of the Complaint sets forth a characterization of Malcolm's First Cause of Action to which no response is required.  To the extent, however, that a response is required, ILU denies each of the allegations as set forth in paragraph 44 of plaintiff's Complaint.

### SECOND CAUSE OF ACTION

### DECLARATORY RELIEF – DUTY TO PAY FOR "LEGAL DEFENSE EXPENSES" (AGAINST ACE)

46.    In response to paragraph 46 of the Complaint, ILU reasserts and incorporates by reference each and every of its responses to paragraphs 1 through 45 of plaintiff's Complaint as if fully set forth herein.

47.    ILU denies each of the allegations as set forth in paragraph 47 of plaintiff's Complaint.

48.    Paragraph 48 of the Complaint sets forth a characterization of Malcolm's Second Cause of Action to which no response is required.

49.    Paragraph 49 of the Complaint sets forth a characterization of Malcolm's Second Cause of Action to which no response is required.  To the extent, however, that a

response is required, ILU denies each of the allegations as set forth in paragraph 49 of plaintiff's Complaint.

### THIRD CAUSE OF ACTION

### DECLARATORY RELIEF – DUTY TO INDEMNIFY MALCOLM FOR "PROFESSIONAL LOSS" AND/OR "LOSS" REGARDING THE ALLEGED POLLUTION CLAIMS AND/OR IN CONNECTION WITH SETTLEMENT OF THE ALLEGED POLLUTION CLAIMS (AGAINST ACE)

50.     In response to paragraph 50 of the Complaint, ILU reasserts and incorporates by reference each and every of its responses to paragraphs 1 through 49 of plaintiff's Complaint as if fully set forth herein.

51.     ILU denies each of the allegations as set forth in paragraph 51 of plaintiff's Complaint.

52.     Paragraph 52 of the Complaint sets forth a characterization of Malcolm's Second Cause of Action to which no response is required.

53.     Paragraph 53 of the Complaint sets forth a characterization of Malcolm's Second Cause of Action to which no response is required.  To the extent, however, that a response is required, ILU denies each of the allegations as set forth in paragraph 53 of plaintiff's Complaint.

### FOURTH CAUSE OF ACTION

### BREACH OF CONTRACT (AGAINST ACE)

54.     In response to paragraph 54 of the Complaint, ILU reasserts and incorporates by reference each and every of its responses to paragraphs 1 through 53 of plaintiff's Complaint as if fully set forth herein.

55.     In response to paragraph 55 of the Complaint, ILU admits only the Policy is a valid and enforceable written contract, and otherwise denies each of the remaining allegations as set forth in paragraph 55 of plaintiff's Complaint.

56.     In response to paragraph 56 of the Complaint, ILU admits only that Malcolm has made certain demands for coverage under the Policy, and otherwise denies each of the

ILLINOIS UNION INSURANCE COMPANY'S ANSWER AND DEMAND FOR JURY

remaining allegations as set forth in paragraph 56 of the Complaint, including any implication that ILU has coverage obligations under the Policy with respect to each of the Alleged Pollution Claims as that term is defined in paragraph 7 of plaintiff's Complaint.

57.     ILU denies each of the allegations as set forth in paragraph 57 of plaintiff's Complaint.

58.     ILU denies each of the allegations as set forth in paragraph 58 of plaintiff's Complaint.

59.     ILU denies each of the allegations as set forth in paragraph 59 of plaintiff's Complaint.

60.     ILU denies each of the allegations as set forth in paragraph 60 of plaintiff's Complaint.

<u>**FIFTH CAUSE OF ACTION**</u>

**BREACH OF THE IMPLIED COVENANT OF GOOD**

**FAITH AND FAIR DEALING (AGAINST ACE)**

61.     In response to paragraph 61 of the Complaint, ILU reasserts and incorporates by reference each and every of its responses to paragraphs 1 through 60 of plaintiff's Complaint as if fully set forth herein.

62.     In response to paragraph 62 of the Complaint, ILU admits only that under New York law, which governs the Policy, all insurance contracts contain an implied covenant of good faith and fair dealing, and otherwise denies each of the remaining allegations of paragraph 62 of plaintiff's Complaint.

63.     ILU denies each of the allegations as set forth in paragraph 63 of plaintiff's Complaint.

64.     ILU denies each of the allegations as set forth in paragraph 64 of plaintiff's Complaint.

65.     ILU denies each of the allegations as set forth in paragraph 65 of plaintiff's Complaint.

66.     ILU denies each of the allegations as set forth in paragraph 66 of plaintiff's

8

1  Complaint.

2       67.    ILU denies each of the allegations as set forth in paragraph 67 of plaintiff's

3  Complaint.

4                          **SIXTH CAUSE OF ACTION**

5       **UNFAIR BUSINESS PRACTICES (VIOLATION OF CALIFORNIA**

6        **BUS. & PROF. CODE § 17200, ET SEQ.) (AGAINST ACE)**

7       68.    In response to paragraph 68 of the Complaint, ILU reasserts and incorporates by

8  reference each and every of its responses to paragraphs 1 through 67 of plaintiff's Complaint as

9  if fully set forth herein.

10      69.    ILU denies each of the allegations as set forth in paragraph 69 of plaintiff's

11 Complaint.

12      70.    ILU denies each of the allegations as set forth in paragraph 70 of plaintiff's

13 Complaint.

14                         **FIRST AFFIRMATIVE DEFENSE**

15      Coverage is unavailable under the Policy's ERRORS AND OMISSIONS COVERAGE

16 (Coverage A.) for any costs at issue in the present lawsuit, as no "claim" has been asserted

17 against Malcolm by any third-party for an actual or alleged "wrongful act" in the performance

18 of "covered professional services," as each of those terms is defined by the Policy.

19                         **SECOND AFFIRMATIVE DEFENSE**

20      Coverage is unavailable under the Policy for any legal fees incurred by Malcolm

21 through counsel not selected by ILU, nor shall such amounts be credited against the Policy's

22 self-insured retention.

23                         **THIRD AFFIRMATIVE DEFENSE**

24      Coverage is unavailable under the Policy for any legal fees incurred by Malcolm

25 without ILU's prior written consent, nor shall such amounts be credited against the Policy's

26 self-insured retention.

27                         **FOURTH AFFIRMATIVE DEFENSE**

28      Coverage is unavailable under the Policy for any legal fees incurred by Malcolm in

ILLINOIS UNION INSURANCE COMPANY'S ANSWER AND DEMAND FOR JURY

connection with the CFER Arbitration prior to October 30, 2014, which is when Malcolm gave first notice to ILU of the CFER Arbitration, nor shall such amounts be credited against the Policy's self-insured retention.

### FIFTH AFFIRMATIVE DEFENSE

Coverage is unavailable under the Policy for any "legal defense expense" incurred by Malcolm prior to ILU's selection of legal counsel, nor shall such amounts be credited against the Policy's self-insured retention.

### SIXTH AFFIRMATIVE DEFENSE

Coverage is unavailable under the Policy for any portion of "legal defense expense" incurred by Malcolm subsequent to ILU's selection of legal counsel that were billed at a rate that ILU would ordinarily pay to panel counsel in the Miami, Florida region for matters of a similar complexity to the CFER Arbitration, nor shall such amounts be credited against the Policy's self-insured retention.

### SEVENTH AFFIRMATIVE DEFENSE

Coverage is unavailable under the Policy for any legal fees incurred by Malcolm in connection with the CFER Arbitration relating to Malcolm's prosecution of its $8 million counterclaim against CFER, nor shall such amounts be credited against the Policy's self-insured retention.

### EIGHTH AFFIRMATIVE DEFENSE

ILU is unable to determine what portion of legal invoices submitted by Malcolm for payment under the Policy qualify as covered "legal defense expense" as Malcolm has failed to provide unredacted copies of such invoices to ILU.

### NINTH AFFIRMATIVE DEFENSE

ILU has no obligation to indemnify Malcolm for any amounts not qualifying as "loss" under the Policy, as that term is defined therein.

### TENTH AFFIRMATIVE DEFENSE

Malcolm has failed to demonstrate that any amounts at issue in the CFER Arbitration qualify as "remediation costs," as Malcolm has failed to demonstrate that CFER was required

ILLINOIS UNION INSURANCE COMPANY'S ANSWER AND DEMAND FOR JURY

under any applicable law to remove Material from the Airport.

### ELEVENTH AFFIRMATIVE DEFENSE

ILU has no obligation to indemnify Malcolm under the Policy for any costs overruns associated with the Project.

### TWELTH AFFIRMATIVE DEFENSE

ILU has no obligation to indemnify Malcolm under the Policy for any costs associated with removing Material from the Project, or for any other costs that are properly considered as cost overruns.

### THIRTEENTH AFFIRMATIVE DEFENSE

ILU has no obligations under the Policy with respect to the extent that Malcolm has unclean hands.

### FOURTEENTH AFFIRMATIVE DEFENSE

ILU has no obligation to indemnify Malcolm under the Policy for any amounts falling within the Policy's Insured's Internal Expenses exclusion.

### FIFTEENTH AFFIRMATIVE DEFENSE

California is not the proper forum for resolution of the present coverage dispute.

### SIXTEENTH AFFIRMATIVE DEFENSE

California is not the most convenient forum for resolution of the present coverage dispute.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Malcolm's cause of action for breach of the implied covenant of good faith and fair dealing is not a proper cause of action under New York law, which governs the Policy.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Malcolm's cause of action for violation of California's Unfair Business Practices Code is not a proper cause of action under New York law, which governs the Policy.

### NINTEENTH AFFIRMATIVE DEFENSE

ILU has no obligations under the Policy to reimburse any "loss" or "legal defense expense" unless and until the Policy's self-insured retention has been fully and properly

satisfied.

### TWENTIETH AFFIRMATIVE DEFENSE

Coverage is unavailable under the Policy to the extent that Malcolm breached the Policy's consent to settle provisions.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Coverage is unavailable under the Policy to the extent that Malcolm breached the Policy's **REPORTING AND COOPERATION** provisions.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Coverage is unavailable under the Policy to the extent that Malcolm compromised ILU's subrogation rights against Lehigh Hanson or any other party that may be responsible for the losses claimed by Malcolm under the Policy.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

ILU reserves all rights to assert further coverage defenses should additional facts and information warrant.  ILU additional reserves its rights to supplement, amend, or modify the affirmative defenses and answers herein to conform to any additional facts that may be revealed in discovery or otherwise.

### JURY DEMAND

ILU demands a trial by jury of all issues so triable.

///
///
///
///
///
///
///
///
///
///

ILLINOIS UNION INSURANCE COMPANY'S ANSWER AND DEMAND FOR JURY

1       **WHEREFORE**, ILU prays as follows:

2       1. That Plaintiffs take nothing by their Complaint;

3       2. That the Complaint be dismissed with prejudice;

4       3. That ILU be awarded its costs of suit; and

5       4. For such other and further relief as the Court deems proper.

6

7 Dated:  May 7, 2015              TRAUB LIEBERMAN STRAUS &
                                              SHREWSBERRY LLP

8

9                              By:    /s/ Robert D. Dennison

10                                       Robert D. Dennison

11                                       Neal K. Kojima
                                      Attorneys for Plaintiff

12                                       ILLINOIS UNION INSURANCE
                                      COMPANY

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ILLINOIS UNION INSURANCE COMPANY'S ANSWER AND DEMAND FOR JURY